THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MASONRY SECURITY PLAN OF WASHINGTON, *et al.*,<br><br>　　　　　　　　Plaintiffs,<br>　　　v.<br><br>NORTHBOUND MASONRY, LLC,<br><br>　　　　　　　　Defendant. | CASE NO. C24-1517-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for default judgment (Dkt. No. 14). Plaintiffs are joint labor-management trust funds (hereinafter "Plaintiffs" or "Trust Funds") seeking to collect on Defendant's delinquent fringe benefit contributions. (*Id*. at 1–2.) Plaintiffs properly served Defendant on October 13, 2024. (Dkt. No. 8 at 1.) The case remained inactive until February 24, 2025, when the Court ordered Plaintiffs to show cause why it should not dismiss the action without prejudice for failure to prosecute. (Dkt. No. 9 at 1.) Plaintiffs timely responded on March 3, 2025, and simultaneously submitted a motion for default. (*See generally* Dkt. Nos. 10, 11.) The Clerk then entered an order on March 7, 2025, finding Defendant in default for failure to appear, answer, or otherwise respond to Plaintiffs' complaint. (Dkt. No. 13 at 2.) Plaintiffs now move for default judgment. (*See generally* Dkt. No. 14.) Defendant still has not made an appearance.

"At the default judgment stage, the court presumes all well-pleaded factual allegations related to liability are true." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014); *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). However, factual allegations relating to damages are not taken as true. *Curtis*, 33 F. Supp. 3d at 1211. As such, a "plaintiff is required to prove all damages sought in the complaint, and the court must ensure that the amount of damages is reasonable and demonstrated by the evidence." *Id.*

The Court, having reviewed the record in this matter, along with Plaintiffs' instant motion and the accompanying declarations, FINDS that Plaintiffs' request for damages is reasonable and, on this basis, ORDERS as follows:

1. Plaintiffs' motion for default judgment (Dkt. No. 14) is GRANTED.
2. Plaintiffs are entitled to entry of a default judgment against Defendant in the amount of $61,665.61, which consists of:
    a. $38,120.65 in delinquent fringe benefit contributions as set forth in the Trust Funds' audit report;
    b. $3,228.89 in liquidated damages as allowed under 29 U.S.C. § 1132(g)(2)(C)(ii) for the period of July 1, 2019, through May 31, 2023;
    c. $4,295.63 in accounting fees; and,
    d. $16,020.44 in accrued prejudgment interest at the rates specified in the applicable trust agreements as allowed under 29 U.S.C § 1132(g)(2).
3. Plaintiffs are awarded $7,607.50 in reasonable attorney fees as allowed under the written terms of the applicable trust agreements and as allowed under 29 U.S.C. § 1132(g)(2)(D);
4. Plaintiffs are awarded $649.00 in costs, consisting of the $405.00 civil case filing fee and $244.00 for service of process of the summons and complaint;
5. Post-judgment interest shall bear interest at the 12% rate specified in the applicable trust agreements, as allowed under 29 U.S.C. § 1132(g)(2); and

6. The Clerk of Court is directed to enter judgment consistent with this order and close the case.

DATED this 17th day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE